IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| KATHLEEN K. PARR, | |
| Plaintiff, | Case No. 3:11-cv-193 |
| vs. | Judge Thomas M. Rose |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | Magistrate Judge Sharon L. Ovington |
| Defendant. | |

---

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #10) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #9) IN ITS ENTIRETY; REMANDING THIS CASE FOR PAYMENT OF DISABILITY INSURANCE BENEFITS AND SUPPLEMENTAL SECURITY INCOME CONSISTENT WITH THE SOCIAL SECURITY ACT; AND TERMINATING THIS CASE**

---

Plaintiff Kathleen K. Parr ("Parr") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). On June 7, 2012, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #9) recommending that the Commissioner's Decision be vacated and that this case be remanded for payment of DIB and SSI consistent with the Social Security Act. The Commissioner subsequently filed Objections (doc. #10) and Parr responded to the Commissioner's Objections (doc. #11). This matter is, therefore, ripe for decision.

1

Parr sought financial assistance from the Social Security Administration by applying for DIB and SSI in August of 2007 asserting that she has been under a disability since January 6, 2003. Her ailments include pain and other problems related to her left-ankle fracture, pain resulting from her fractured elbows, low-back pain and cervical-spine pain. Under the Social Security regulations, Parr's age of 55 on the alleged onset date, places her in a category of a "person of advanced age."

The Commissioner denied Parr's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia G. Lombardo ("Lombardo") held a hearing, and subsequently determined that Parr was not disabled. The Appeals Council denied Parr's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Parr then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #11) and in the Commissioner's Objections (doc. #12) and Parr's Response (doc. #11), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing vacates the Commissioner's decision that Parr is not disabled and remands this case for the payment of benefits.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also

determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is not supported by substantial evidence nor did the ALJ apply the correct legal criteria. WHEREFORE, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and

Recommendations of the United States Magistrate Judge (doc. #9) in its entirety. The Commissioner's non-disability determination is vacated, and this case is remanded to the Social Security Administration for payment of DIB and SSI consistent with the Social Security Act. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Third Day of July, 2012.

.   **s/Thomas M. Rose**
_____
JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to:
    Counsel of Record